UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 09-036-DCR |
| ) | |
| V. ) | |
| ) | |
| OSHEL CASTO, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 7, 2009, Defendant Oshel Casto pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (Count 1 of the indictment) and to possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1) (Count 3). [Record Nos. 56 and 98] Thereafter, Casto was sentenced to a 60-month term of imprisonment under Count 1 and a consecutive 60-month term of imprisonment under Count 3, for a total term of 120 months. [Record No. 98] The matter is currently pending for consideration of Casto's *pro se* motion for a reduction of his sentence based on 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. [Record No. 157] For the reasons outlined below, Castro's motion will be denied.

On February 25, 2009, while sorting mail in Boone County, Kentucky, a Postal Inspector discovered a suspicious package addressed to Casto with a California return address. [*See* Record No. 97, p. 2 and Pre-Sentence Investigation Report ("PSR"), p. 4.] The package was searched pursuant to a warrant and found to contain fifty-three grams of

methamphetamine. [Record No. 97, p. 2] Casto was arrested the following day when he picked-up the package. A search of Casto's vehicle resulted in the discovery of a loaded .38 caliber revolver. *Id.* In his plea agreement, Casto acknowledged that he possessed the firearm in furtherance of his drug trafficking activities. *Id.*

Following his arrest, Casto cooperated with law enforcement. In relevant part, he acknowledged that, since the summer of 2008, he had received approximately fourteen parcels through the United States mail, each containing one to two ounces of crystal methamphetamine. *Id.* at 3. Casto then distributed the methamphetamine with the help of co-Defenant Michael Mason. *Id.* Casto admitted that he had distributed a total of 1.5 to 5 kilograms of crystal methamphetamine with his co-defendants. *Id.* He paid for the parcels by wiring money to co-Defendant Connie Avalos and a second individual whose name he could not remember. [PSR, p. 5] Casto recalled that on most occasions, he paid approximately $2,515.00 per package, splitting the cost with Mason. *Id.*

Title 21 U.S.C. § 841(b)(1)(A) establishes a mandatory minimum term of imprisonment of ten years for the defendant's conviction to Count 1. [PSR, p. 14] Further, based on the admitted drug quantity (1.5 to 5 kilograms of methamphetamine), Castro's base offense level for Count 1 under the 2008 United States Sentencing Guidelines Manual was 34. *Id.* Casto received a three level reduction for acceptance of responsibility, resulting in a total offense level of 31. *Id.* at 10. Because Castro was placed in criminal history category I, his guideline range was found to be 120-135 months imprisonment, when the mandatory minimum term of imprisonment was applied. U.S.S.G., Chapter Five, Part A; U.S.S.G. § 5G1.1(b). However, the Court departed downward from the mandatory minimum and

advisory guideline range based on Castro's cooperation, sentencing Casto to 60 months on Count 1. *See Statement of Reasons*, p. 1.

Title 18 U.S.C. § 924(c)(1)(A) establishes a mandatory minimum of five years imprisonment for Count 2. Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the Court ran the terms consecutively for a total of 120 months. [Record No. 98]

Casto is not eligible for a reduction of his sentence under Count 2 because Amendment 782 only applies to sentences calculated based on Chapter 2, Part D of the Guidelines. Casto's sentence for Count 2 was not based on the Guidelines at all. Rather, his sentence was based on a minimum statutory term. Where the Court sentences a defendant to a mandatory minimum based on a statute rather than the Guidelines, he is not eligible for a reduction under 18 U.S.C. 3582(c)(2) and Amendment 782. *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). *See also Dillon v. United States*, 560 U.S. 817, 826 (2010).

However, Casto is eligible for a reduction of his sentence on Count 1. Even though a defendant sentenced to a mandatory minimum is not eligible for a reduction under Amendment 782, the Guidelines do allow courts to apply Amendment 782 where the defendant was sentenced below the mandatory minimum because of a substantial assistance motion made by the government. U.S.S.G. §§ 1B1.10(c), (d). Because Casto was sentenced below the ten-year mandatory minimum on Count 1 based on his substantial assistance, the Court will consider how Amendment 782 would affect his guideline range.

Amendment 782 modifies U.S.S.G. § 2D1.1(c)(4) so that 1.5 to 5 kilograms of methamphetamine now results in a base offense level of 32 instead of 34. With the three level reduction for acceptance of responsibility, Casto's amended total offense level would

be 29 instead of 31, resulting in an amended non-binding guideline range of 87-108 months imprisonment.  U.S.S.G., Chapter Five, Part A.  Section 1B1.10(b)(2)(B) of the Guidelines permits a reduction even lower than the amended guideline range where the defendant received a downward departure based on substantial assistance.  Therefore, theoretically, the Court could reduce Casto's sentence on Count 1 even lower than his original sixty month sentence.

But while Casto is technically eligible for a reduction, a further reduction would be wholly inappropriate under the facts presented.  Title 18 U.S.C. § 3582(c)(2) states that the court "may" reduce a sentence based on an amendment to the Guidelines "after considering the factors set forth in [18 U.S.C.] section 3553(a)."  The § 3553 factors include, *inter alia*: the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by the defendant.  18 U.S.C. § 3553(a)(2).  Upon review of the record and application of the § 3553 factors to Casto and the facts of this case, the Court concludes that reducing his sentence on Count 1 is not warranted.

The Court's original sixty month sentence on Count 1 is well-below the amended advisory guideline range.  To depart even further would undermine deterrence and diminish the seriousness of Casto's crime.  While this particular conspiracy only spans several months, Casto was selling methamphetamine as early as 2007. [PSR, p. 5]  During the conspiracy, Casto organized the transportation of methamphetamine across the country to Northern Kentucky.  He then received the shipments and conspired with Mason to distribute between a large quantity of the drug.

Casto does deserve credit for admitting responsibility by pleading guilty and assisting the government in its investigation. Nevertheless, those efforts were sufficiently rewarded by the three level reduction he received in calculating his advisory range and the court's substantial departure from the mandatory minimum otherwise applicable to Count 1. Even though Casto had no criminal history prior to this conviction, his lengthy and intense involvement in the conspiracy suggests that he is a risk of re-offending if released early, thereby endangering the public. Further, an earlier release would not provide sufficient deterrence to others who might be tempted to commit similar crimes.

For the foregoing reasons, Casto's original sentence is sufficient, but not greater than necessary, to meet the sentencing goals set forth in § 3553. Accordingly, it is hereby

**ORDERED** that Defendant Oshel Casto's motion [Record No. 157] to reduce his sentence is **DENIED**.

This 23rd day of November, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge